■Per Curiam.
 

 Bayard,
 
 Chief Justice:
 

 The act was designed to relieve the sheriff from the responsibility of deciding on conflicting claims for money levied on execution process. But he is bound to seek this relief at a proper time; if he do not apply at that time to have the benefit of this provision of the law, he ought to be left to his own judgment and responsibility in the application of the money. The question then would depend somewhat on the nature of the fund in hand. If levied on a
 
 fi.fa.,
 
 on a sale of personal property, or without sale, the money in hand is payable at the return day of the writ, and the sheriff is bound to decide immediately, and make his application immediately, or he waives the benefit of the act. But if money be levied on the sale of land, the sheriff is not bound to pay it over until after the rising of the court; because he cannot know until then, that the sale will be confirmed. lie cannot then make a decision finally, and is not bound to look up claims, until the time comes for him to make the application. The money in this case arose on the sale of land, as to which the sheriff was not bound to pay any one until after the adjournment of the court; and in respect to which there was not in point of fact any
 
 *27
 
 conflicting claims, until after the court arose. The application of the sheriff is made, therefore, at the earliest period he could make it.
 

 J. A. Bayard,
 
 for McDowell.
 

 Gray,
 
 for the sheriff
 

 Order made allowing the sheriff to bring the money in.
 

 At the next term the sheriff brought the money into court.
 

 A suit having been brought on his bond by S. McDowell, and it being determined that McDowell was entitled to the money, the question arose whether the sheriff was bound to pay interest from the confirmation of the sale.
 

 By the Court:
 

 The act of assembly wasdesigned notonlyto protect the sheriff, but to enforce the prompt payment over by him of money in his hands, except in the very cases mentioned; and in those cases it only excuses him from the payment of twenty per cent, interest. If the sheriff do not pay over money when it is payable, the act makes him liable for twenty per cent, interest; but gives him the right of applying to pay the money into court in case of conflicting claims for it. In the nature of things, this privilege of the sheriff must be exercised in due time; that is, at
 
 the first
 
 term after the money was due. We decided last term that this application was in time; and allowed the money to be brought into court; the effect of this as to the liability of the sheriff, is now to be considered; and it seems to us that though the act excuses the sheriff from the penalty of twenty per cent., it does not affect any liability of his on his bond. It was his duty to pay this money to the proper person, at the adjournment of the, court to which the sale was returnable, being a sale of land;, and he is liable to the amount and lawful interest from the rising of the court. But as interest is given on the idea not merely of obligation to pay, but of the use of the money in the meantime: when a case is made before the court proper for bringing the money in, and the court orders the money in, the sheriff is no longer under obligation to pay the money to either claimant; he is no longer violating any duty in not paying it; the money is in custodia legis; the sheriff no longer has the use of it; and upon no principle, therefore, can he be held' liable to pay interest after the time of bringing the money into court.
 

 In the action, therefore, on the trial list of McDowell against the sheriff, brought on his official bond, the sheriff is liable for the money (now ascertained to be due to McDowell) with interest from the end of the term to which the sale of defendant’s land was returned, up to the time when the sheriff, by leave, brought the money into court.